**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MARIA IVETH GURROLA RECENDIZ,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary,
U.S. Department of Homeland Security, et al.,

Respondents.

Case No.:  3:26-cv-03187-RBM-DEB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

Pending before the Court is Petitioner Maria Iveth Gurrola Recendiz's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241.  (Doc. 1.) For the reasons set forth below, the Petition is **GRANTED**.

## I.    BACKGROUND

Petitioner, a national of Mexico, has resided in the United States for over 18 years. (*See* Doc. 1 ¶¶ 1, 18.)  On April 2, 2026, the U.S. Immigration and Customs Enforcement ("ICE") "targeted Petitioner near her permanent interior residence in Escondido, California, and took her into administrative custody following a law enforcement stop . . . ."  (*Id*. ¶ 8.)  That same day, the U.S. Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear ("NTA") which commenced her removal proceedings.

1

(*Id*. ¶ 9; *see* Doc. 1-2, Ex. E at 21–24.)

On May 21, 2026, an immigration judge denied Petitioner's request for a custody redetermination based on a lack of jurisdiction under *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).  (Doc. 1 ¶¶ 1, 10–11; *see* Doc. 1-2, Ex. F at 26.)  Petitioner filed the instant Petition shortly thereafter.  (*See id*.)

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  *Id.* § 2241(c)(3).

## III.   DISCUSSION

Petitioner claims her immigration detention a violates the Immigration and Nationality Act and the Fifth Amendment's Due Process Clause.  (Doc. 1 ¶¶ 13–25.) Respondents "do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)."  (Doc. 4 at 1.)

In light of Respondents' non-opposition, and the Court's previous orders concerning similarly situated petitioners, the Court finds that Petitioner is detained under 8 U.S.C. § 1226(a) and her "arrest and detention without a meaningful bond hearing [therefore violated] the Due Process Clause."  *See N.A. v. LaRose*, No. 3:25-CV-03028-RBM-DEB, 2025 WL 3512412, at *5 (S.D. Cal. Dec. 8, 2025) (finding a petitioner who was not apprehended upon arrival and resided in the United States for 17 years was subject to § 1226's discretionary detention procedures and entitled to a bond hearing).

## IV.    CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED**.  Accordingly, the Court further **ORDERS** as follows:

1. The Government is **ORDERED** to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) **within ten (10) days** of the entry of this Order, unless the noncitizen requests a continuance.

2. At the bond hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that the noncitizen poses a danger to the community or a risk of flight.

3. The Government **SHALL NOT** deny the noncitizen's bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.

4. If the bond hearing is not conducted within ten (10) days of the entry of this Order, the Government shall release the noncitizen from custody until it is determined that his detention is warranted under § 1226(a).

5. The Government **SHALL FILE** a status report on or before July 10, 2026 indicating whether and when Petitioner received a bond hearing and the results of such hearing.

**IT IS SO ORDERED**.

DATE:  June 29, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3